State v. Bailey—133 Ind. 215.

## STATE OF INDIANA v. BAILEY ET AL.

[No. 22,401. Filed May 7, 1915.]

1. LOTTERIES.—*Statutes.*—*Advertising Suit Club.*—The gravamen of the offense defined by §2465 Burns 1914, Acts 1905 p. 584, §556, is the advertising of, and giving publicity to, a contemplated lottery, gift enterprise or scheme of chance; hence the advertisement of a suit club, to be conducted in such a way as to constitute either a lottery, gift enterprise or a scheme of chance, would constitute a violation of the statute, although there is nothing in the advertisement to indicate that the club is a lottery, gift enterprise or scheme of chance. p. 217.

2. LOTTERIES.—*Unlawful Advertising.*—"*Suit Club*".—The mere advertisement of a suit club without any indication that it is a lottery, gift enterprise or scheme of chance, would not of itself constitute a violation of §2465 Burns 1914, Acts 1905 p. 584, §556, since the term "suit club" is comprehensive enough to include something wholly legitimate and outside the prohibition of the statute. p. 217.

3. LOTTERIES.—*Unlawful Advertising.*—*Affidavit.*—*Sufficiency.*—In a prosecution for advertising a lottery scheme in violation of §2465 Burns 1914, Acts 1905 p. 584, §556, where the advertisement set out was that of a suit club, but in no way indicated that the club was to be conducted as a lottery, gift enterprise or scheme of chance, the affidavit was insufficient without an allegation of facts showing that the club was to be conducted in violation of the statute. p. 217.

From Howard Circuit Court; *William C. Purdum,* Judge.

Prosecution by the State of Indiana against Ora W. Bailey and another. From a judgment quashing the affidavit, the State appeals. *Affirmed.*

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Fred H. Jessup, Benjamin F. Harness* and *B. C. Moon,* for the State.

*Lloyd McClure,* for appellees.

LAIRY, J.—This is a criminal prosecution in which appellees were charged with a violation of §2465 Burns 1914, Acts 1905 p. 584, §556, which provides that; "Whoever writes, prints, advertises or publishes in any way an account of any lottery, gift enterprise or scheme of chance of any kind or description, by whatever name, style or title the same may be denominated or known, stating when or where the same is to be drawn, what the prizes therein or any of them are, or the price of a ticket, or showing therein where any ticket may be obtained or in any way giving publicity to such lottery, gift enterprise or scheme of chance, shall on conviction, be fined not less than ten dollars nor more than five hundred dollars."

Omitting the formal parts of the affidavit on which this action is based, it reads as follows: "George Windoffer, being duly sworn, says upon his oath that at the county of Howard and State of Indiana, on or about the 30th day of August, 1912, the defendants, Ora W. Bailey and Paul Stanbro did then and there unlawfully write, print, advertise and publish in a certain newspaper called the Kokomo Daily Tribune, an account of a certain lottery, gift enterprise and scheme of chance, called a suit club, showing therein where a ticket may be obtained in said certain lottery, gift enterprise and scheme of chance called a suit club, and did then and there by such writing, printing, advertising and publishing of said account give publicity to said lottery, gift enterprise and scheme of chance called a suit club, which account so written, printed, advertised and published by the defendants in said newspaper was of the following tenor, to wit: 'Fall Announcement. $2.00 Hats, 50 Styles. Every Hat Guaranteed. Caps 50c to $1.00. Fall Suit Club. Starts Sept. 10. Call at Store. Bailey & Stanbro, Rear Citizens Bank. $2.00 Hat Store.' as affiant is informed and verily believes, contrary," etc. Appellees' sole objection to the sufficiency of this affidavit is that it "does not state facts sufficient to constitute

a crime under the statute, defining the publishing of a lottery, or any public offense."

The gravamen of the offense defined in the statute, *supra,* is the advertising of, and giving publicity to, a contemplated lottery, gift enterprise or scheme of chance. It will be observed that the only reference, made in the advertisement, to a "suit club," does not indicate that such "suit club" was a lottery, gift enterprise or scheme of chance; but, if it was to be conducted in such a way as to constitute either a lottery, gift enterprise or a scheme of chance, it would be a violation of the statute to advertise it in such a way as to give it publicity whether its true character appeared on the face of the advertisement or not. The publication set out in the affidavit does not disclose that the "suit club" intended to be advertised was to be conducted in such a way as to make the publication of the advertisement unlawful. The term "suit club" does not necessarily import something unlawful. It is palpably comprehensive enough to include something wholly legitimate and clearly outside of any denouncement by the provisions of the statute. The advertisement set out in the affidavit carries in its words no definite indication at all whether the "suit club" to be started by appellees was of a lawful or unlawful character. This being so, the affidavit is insufficient in the absence of allegations of fact showing that the "suit club" which it is alleged appellees advertised was founded and was to be conducted on a plan which amounted to a lottery, gift enterprise or scheme of chance within the meaning of the statute. The absence of such averments is manifest. To characterize such suit club as a lottery, gift enterprise or scheme of chance as the affidavit in this case does is not sufficient; the facts showing it to be such must be stated. The motion to quash the affidavit was properly sustained. Judgment affirmed.

NOTE.—Reported in 108 N. E. 753. As to what are lotteries, see 16 Am. St. 42. As to whether the distribution of suits by tailor

among members of club is a lottery, see 21 L. R. A. (N. S.) 876; 5 Ann. Cas. 837; 16 Ann. Cas. 846. See, also, under (1, 2) 25 Cyc. 1645; (3) 25 Cyc. 1650.